**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION**

| | |
|---|---|
| **JOHN DOE (MEB),**<br><br>**Plaintiff,**<br><br>***vs*.**<br><br>**FRANK STRADA or his replacement, Commissioner of the Department of Corrections, in his official capacity,**<br><br>**and**<br><br>**JASON LAWSON, elected District Attorney General for Macon County, in his official capacity,**<br><br>**Defendants.** | **Case No.** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Article I, section 10, clause 1 of the United States Constitution (the "Ex Post Facto Clause") provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]" T As Judge Thomas recently stated in *Ellingburg v. United States*, #24-482, 607 U.S. _____ (2026), In its general sense, a law is ex post facto—meaning "after the fact"—when it applies retroactively to conduct that occurred before the law was enacted." *Ellingburg v. United States*, #24-482, 607 U.S. _____ (2026).

2. The Ex Post Facto Clause prohibits laws that impose retroactive punishment. A law imposes punishment if it is punitive in intent or punitive in effect.

3. The Plaintiff is a Tennessee resident who must comply with the "community supervision for life" statute, T.C.A.§39-13-524. Because he was convicted of a qualifying offense for CSL. Plaintiff's redacted SOR entry is attached as Exhibit 1.

4. The Plaintiff seeks declaratory and injunctive relief as follows:

a. prohibiting Defendant Strada and the Department of Correction from enforcing the administrative policies and procedures concerning the Plaintiff's community supervision for life conditions that were enacted AFTER Plaintiff's offense occurred in 2008 because the every changing rules are barred by ex post facto.

b. prohibiting Defendant Lawson from assisting any law enforcement agency to enforce any provision of the community supervision for life statute that were enacted AFTER Plaintiff's offense occurred in 2008.

Community supervision for life

5. Plaintiff seeks declaratory and injunctive relief baring Defendant Commissioner Strads from enforcing any administrative policies and procedures (such as Index #704.07) (attached as Ex. 2) established by the Department of Correction for individuals on "community supervision for life" that were enacted after Plaintiff's offense date because the Tennessee Supreme Court in 2010 declared that the community supervision for life statute "is a direct and punitive consequence of" a conviction for certain enumerated sex crimes and application of any Department of Correction policies enacted after the Plaintiff's offense date violate the *ex post facto* provisions of both the Tennessee and United States Constitution. *Ward v. State*, 315 S.W.3d 461, 476 (Tenn. 2010).

6. According to the Department of Correction policies, Department employees are to investigate and prosecute violations of both the Sex Offender Registry and community

supervision for live. Ex. 2, Policy #704.07(VI)(g).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (West 2021) because Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 (West 2021) for the violation of their rights under the United States Constitution.
8. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 (West 2021), by Fed. R. Civ. P. 57 and 65 (West 2021), and by the legal and equitable powers of this Court.
9. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) (West 2021).

## PARTIES

### *Plaintiff*

10. Plaintiff John Doe (MEB) resides in Macon County Tennessee and is required to comply with community supervision for life due his 2015 conviction; Plaintiff John Doe (MEB) was convicted of a sex offense that occurred on November 1, 2008. See Ex. 1.

## Defendant Commissioner Strada or his replacement

*23.* In 1996, the Tennessee legislature passed legislation which stated that "in addition to the punishment authorized by the specific statute prohibiting the conduct, a person shall receive a sentence of community supervision for life who, on or after" a specific date commits a list of crimes.

24. T.C.A. §39-13-524(d)(1) states that "the department is authorized on an individual basis to

establish such conditions of community supervision as are necessary to protect the public from the person's committing a new sex offense, as well as promoting the rehabilitation of the person."

*25.* As a result of Section 524(d)(1), the Department of Corrections has issued "administrative policies and procedures" for those individuals on "community supervision for life." See for example collective Exhibit 3, Index #: 704.10, Ex. 4 #704.12 and Ex. 5 TDOC "community supervision certificate."

*26.* The Tennessee Supreme Court in *Ward v. State* stated that "the imposition of community supervision for life is punitive . . . ." *Ward v. State*, 315 S.W.3d 461, 473 (Tenn. 2010).

*27.* The Commissioner of the Department of Correction is an appropriate Defendant to seek declaratory and injunctive relief on behalf of each Plaintiff from enforcing amendments to the Department's administrative policies and procedures concerning community supervision for life which occurred after each Plaintiffs' offense date.

***Defendant Lawson***

28. Defendant Glen Lawson is the elected District Attorney for the 15th Judicial District which includes all of Macon County Tennessee. He is sued in his official capacity.

29. Pursuant to Article VI, § 5 of the Tennessee Constitution creates the office of the district attorney general by providing that

> [a]n Attorney for the State for any circuit or district, for which a Judge having criminal jurisdiction shall be provided by law, shall be elected by the qualified voters of such circuit or district. . . [and] [i]n all cases where the Attorney for any district fails or refuses to attend and prosecute according to law, the Court shall have the power to appoint an Attorney pro tempore."

30. This constitutional provision has been codified in T.C.A. §8-7-103.

31. Moreover, as a recent Tennessee Attorney General opinion (Opinion No. 16-06) stated:

> A district attorney general is an elected constitutional officer whose authority to act derives solely from the Tennessee Constitution[1] and various statutes, in particular Tenn. Code Ann. §§ 8- 7-101 through -112. A district attorney general represents the State of Tennessee and its people when performing his constitutional and statutory duties . . . . *See, e.g.*, *State v. Superior Oil, Inc*., 875 S.W.2d 658, 660-61 (Tenn. 1994) ("He is to judge between the people and the government; he is to be the safeguard of the one and the advocate for the rights of the other . . . and. . . to combine the public welfare and the safety of the citizens, preserving both, and not impairing either," quoting *Foute v. State*, 4 Tenn. (3 Hayw.) 98, 99 (1816)).
>
> The specific statutory duties and responsibilities of a district attorney general are to (1) prosecute violations of state criminal statutes; (2) prosecute criminal cases that have been removed from state court to any inferior federal court; (3) cooperate and assist the attorney general and reporter in cases in circuit and chancery courts in which the attorney general is required to appear to protect the state or public interest; (4) give an opinion to any county officer in his district on a question of criminal law relating to the duties of that county officer; and (5) submit certain enumerated written reports to the district attorneys general conference annually. *See* Tenn. Code Ann. § 8-7-103(1)-(5)(A)-(C). The district attorney general also has discretion to allocate available resources in performing his duties and responsibilities and to delegate his duties and responsibilities to assistant district attorneys general. Tenn. Code Ann. § 8-7-103(6)-(7). All of these duties are related to the district attorney general's role as the State's representative in criminal prosecutions.

32. Because Plaintiff lives in Macon County any criminal case involving a violation of the CSL rules, venue would be in Macon County.
33. Because District Attorney General Lawson is the elected district attorney for Macon County, he is the appropriate defendant in this case requesting a permanent injunction prohibiting Mr. Lawson and his office from prosecuting Plaintiff with any alleged crime involving violating the provisions of CSL rules.
34. Because District Attorney General Lawson is the elected district attorney for Macon County, he is the appropriate defendant in this case requesting a permanent injunction prohibiting Mr. Lawson and his office from prosecuting Plaintiff with any alleged crime involving violating the Tennessee Community Supervision for Life statute, T.C.A. §39-13-524.

## REQUEST FOR RELIEF

For these reasons, Plaintiff requests the Court to grant declaratory and injunctive judgment against Defendants:

(a) enjoin Defendant Strada and the Department of Correction, their employees, and attorneys, and all persons in active concert or participation with them from enforcing any "rules" created by the Department of Correction with regard to community supervision for life which were not in effect when the Plaintiff's offense occurred;

(b) enjoin District Attorney General Lawson, his employees, and attorneys, and all persons in active concert or participation with him from enforcing any of the provisions for violating the CSL rules which were not in effect when the Plaintiff's offense occurred.

(c) awarding Plaintiff's reasonable attorney fees and

(d) granting any other necessary or proper relief.

Dated: October 12, 2026

Respectfully submitted:

*/s/ John B. Nisbet III*

John B. Nisbet III  BPR No. 13364
P.O. Box 266
Cookeville, Tennessee 38503
931.267.6203
nisbetcle@gmail.com

Plaintiff's Counsel